JUDGE FRANK MONTALVO

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER,<br><br>               Plaintiff,<br><br>v.<br><br>ELITE INSURANCE PARTNERS, LLC, a<br>Delaware Limited Liability Company<br><br>               Defendants. | §<br>§<br>§<br>§<br>§   EP23CV0264<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

### PARTIES

1. Plaintiff BRANDON CALLIER ("Plaintiff") is a natural person, a resident of the Western District of Texas, and was present in Texas for all automated text messages, in this case in El Paso County, Texas.

2. Defendant ELITE INSURANCE PARTNERS, LLC ("EIP") is a limited liability company organized and existing under the laws of Delaware, with a principal address of 8745 Henderson Road, Suite 220, Tampa, Florida 33634, and can be served via registered agent Hughes Consulting Services LLC, 522 Alt 19, Palm Harbor, Florida 34683

### JURISDICTION AND VENUE

3. Jurisdiction. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012).

4. This Court has specific personal jurisdiction over EIP because Defendant purposefully

1

5. This Court has specific personal jurisdiction over EIP because Defendant purposefully availed itself to the State of Texas and to this District, and there is a sufficient relationship between Defendant EIP's purposeful contacts with Texas and the litigation.

    a. Defendant EIP targets Texas when marketing their Medicare Insurance Brokerage services and regularly conducts business in this District, including telephone solicitations.

    b. Its agents called Plaintiff's El Paso area phone number ending in -4604 to generate leads for Defendant EIP.

    c. Defendant EIP purposefully made unauthorized calls to Plaintiff into Texas and this District.

    d. The purposeful calls injured Plaintiff in Texas, creating a causal link among Defendant EIP, the forum, and the litigation that exceeds the non-causal affiliation that is sufficient to support personal specific jurisdiction. *See Ford Motor Co. v Mont. Eight Jud. Dist. Ct.*, 141 S. Ct. 1017 (2021).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Western District of Texas when Plaintiff received every single unauthorized call from Defendant EIP that is the subject matter of this lawsuit.

7. This Court has venue over Defendant because the unauthorized calls at issue were sent by Defendant EIP to Plaintiff, a Texas resident.

**THE TELEPHONE CONSUMER PROTECTION ACT**

## OF 1991, 47 U.S.C. § 227

8.      In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

9.      The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system ('ATDS") or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

10.     The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

11.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

12.     Separately, the TCPA bans telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

13.     The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

3

14. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

15. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

16. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

17. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

18. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter*

4

18. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

19. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

20. Plaintiff personally and successfully registered his phone number ending in 4604 to the National Do-Not-Call Registry ("DNC") in December 2007.

21. Defendant EIP offers Medicare insurance and services.

22. Plaintiff received at least fourteen (14) unauthorized calls to his personal cell phone ending in 4604 from Defendant EIP from May 1, 2023, to July 14, 2023, soliciting Medicare insurance.

23. Each and every alleged call Plaintiff received from Defendant EIP was from the phone number 800-845-2484.

24. Plaintiff did not consent to any of the calls alleged herein.

25. Each and every call at issue in this Complaint is a solicitation call marketing Medicare insurance services.

26. Call #1. On May 1, 2023, Plaintiff received the first call to his personal cell phone

27. Call #1. On May 1, 2023, Plaintiff received the first call to his personal cell phone ending in 4604 from Defendant EIP with 800-845-2484 displaying on Plaintiff's caller identification. Plaintiff answered the phone and was solicited for Medicare insurance. Plaintiff informed the agent that Plaintiff did not have Medicare insurance and asked them to not call again. Plaintiff then hung up the phone. The phone call lasted 27 seconds.

28. Call #2. On May 5, 2023, Plaintiff received a second phone call that displayed 800-845-2484 on the caller identification. Similar to the call from paragraph 26. Plaintiff informed the caller that he did not have Medicare.

29. Call # 3. On May 8, 2023, Plaintiff received a missed phone call that displayed 800-845-2484 on the caller identification.

30. Call # 4. On May 9, 2023, Plaintiff received a phone call that displayed 800-845-2484 on the caller identification. Plaintiff answered the phone call. The call dropped after six seconds.

31. Call #5 and #6. On May 11, 2023, Plaintiff received two phones that displayed 800-845-2484 on the caller identification. Plaintiff answered each of these calls and informed the representative that he did not have Medicare. The phone calls lasted 59 and 32 seconds respectively.

32. Call # 7. On May 11, 2023, Plaintiff received a phone call from "Ricki Gonzalez." Plaintiff answered the phone and pretended to be interested for the purpose of determining who was making repeated phone calls to Plaintiff despite being told Plaintiff did not have Medicare. Gonzalez identified herself as working for "Medicare FAQ and Insurance Partners."

33. After disconnecting the phone call Plaintiff searched Medicare FAQ and Insurance Partners in Google. Plaintiff discovered Defendant EIP was the company behind the phone calls.

34. Calls 8-12. On May 11, 2023, Plaintiff received a series of missed calls from phone

number 800-845-2484.

35. On May 23, 2023, Plaintiff sent an email to Defendant EIP to info@eliteinsurancepartners.com advising them of the unauthorized solicitation calls Plaintiff had received to his personal cell phone 4604. Plaintiff advised Defendant the calls were unwanted. Plaintiff sent the email via trackable means.

36. On May 23, 2023, Defendant EIP read Plaintiff's email advising Defendant that Plaintiff was receiving unwanted phone calls. Plaintiff received a read receipt confirming Defendant EIP read Plaintiff's email from paragraph 35.

37. On June 22, 2023, after having a month to update their do not call list, Defendant EIP made another phone call to Plaintiff.

38. On June 29, 2023, Defendant EIP made another phone call to Plaintiff.

39. On July 10, 2023, Defendant EIP made another call to Plaintiff.

40. Despite Plaintiff making Defendant EIP aware of the unauthorized calls, Plaintiff received at least two additional unauthorized calls from Defendant EIP.

41. Table A shows the calls sent to Plaintiff by Defendant EIP.

TABLE A:

| **Number** | **Date** | **Time** | **Caller ID** | **Notes** |
|---|---|---|---|---|
| **1.** | 05/01/2023 | 8:07 AM | 800-845-2484 | 27 phone call |
| **2.** | 05/01/2023 | 1:53 PM | 800-845-2484 | Missed call |
| **3.** | 05/09/2023 | 2:54 PM | 800-845-2484 | 10 Sec phone call |

| | | | | |
|---|---|---|---|---|
| 4. | 05/11/2023 | 7:58 AM | 800-845-2484 | Missed call |
| 5. | 05/11/2023 | 1:18 PM | 800-845-2484 | 59 sec |
| 6. | 05/11/2023 | 1:20 PM | 800-845-2484 | 32 sec |
| 7. | 05/11/2023 | 2:01 PM | 800-845-2484 | 4 min 32 sec |
| 8. | 05/11/2023 | 2:02 PM | 800-845-2484 | Missed call |
| 9. | 05/11/2023 | 2:26 PM | 800-845-2484 | Missed call |
| 10. | 05/11/2023 | 2:27 PM | 800-845-2484 | Missed call |
| 11. | 05/11/2023 | 2:30 PM | 800-845-2484 | Missed call |
| 12. | 06/22/2023 | 1:37 PM | 800-845-2484 | 1 min 14 sec |
| 13. | 06/29/2023 | 8:26 AM | 800-845-2484 | 1 sec |
| 14 | 07/10/2023 | 9:41 AM | 800-845-2484 | 1 sec |

42. Each and every solicitation call from Defendant EIP, after May 23, 2023, was a knowing and willful violation of the TCPA as Plaintiff had delivered a DNC request to Defendant EIP on May 23, 2023.

43. Each and every phone call between May 1, 2023, and May 23, 2023, was a knowing and willful violation as Plaintiff had informed Defendant he did not have Medicare and to not call Plaintiff.

44. Plaintiff did not have a preexisting relationship with Defendant EIP, had never been a customer of Defendant EIP nor had ever applied for insurance or any other accounts with Defendant EIP.

45. Defendant EIP placed multiple unauthorized phone calls to Plaintiff within a twelve-month period to Plaintiff's residential phone line, listed on the National DNC registry since 2007, which violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c).

46. Defendant EIP knew or should have known that its conduct would violate the TCPA and its regulations because EIP received a DNC request from Plaintiff on May 22, 2023, and Plaintiff has been on the National Do Not Call Registry since December 2007.

47. On information and belief, Defendant EIP did not have a written do-not-call policy while they were sending Plaintiff the calls.

48. No emergency necessitated any of the alleged calls.

49. Plaintiff has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

## VIOLATIONS OF THE TEXAS BUSINESS AND COMMERCE CODE § 302.101

50. Defendant EIP initiated the phone calls alleged herein and is a "seller" under the Texas Business and Commerce Code because it makes telephone solicitation on its own behalf and called Plaintiff in this case.

51. Under TCBB 302.302 "a person makes a telephone solicitation if the person effects or attempts to effect a telephone solicitation."

52. The actions of Defendant EIP violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

53. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

54. The use or employment by any person of a false, misleading, or deceptive act or practice" causes "economic damages or damages for mental anguish." Tex. Bus. & Com. Code § 17.50.

55. Texas Business and Commerce Code §302.101 states that a person (1) "may not make a telephone solicitation" (a) "from a location in [Texas]" or (b) "to a purchaser located in [Texas]," (2) "unless the [person] holds a registration certificate for the business location from which the telephone solicitation is made." Tex. Bus. & Com. Code § 302.101(a).

56. Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek damages of up to $5000 per violation of §302.101.

## INJURY, HARM, DAMAGES, AND ACTUAL DAMAGES AS A RESULT OF THE CALLS

57. Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

58. Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

59. Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

60. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of his cell phone.

## PLAINTIFF'S CELL PHONE IS A RESIDENTIAL NUMBER

61. The calls were to Plaintiff's personal cell phone ending in 4604 which he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 16 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays for the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## COUNT ONE:

### (Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))

62. Plaintiff incorporates the preceding paragraphs 1-61 as if fully set forth herein.

63. The foregoing acts and omissions of Defendant EIP and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

64. Defendant EIP and/or their agents, called Plaintiff's private residential telephone which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the alleged calls, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

65. Plaintiff was statutorily damaged at least fourteen (14) times under 47 U.S.C. § 227(c)(3)(F) by Defendant EIP's calls described above, in the amount of $500 per call.

66. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

67. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful

11

violation of 47 U.S.C. § 227(c)(3)(F).

## COUNT TWO:

### (Violations of Texas Business and Commerce Code 302.101)
### Failure to obtain a Telephone Solicitation Registration Certificate

68. Plaintiff incorporates the foregoing paragraphs 1-61 as if fully set forth herein.

74. Defendant and/or their affiliates or agents made at least fourteen (14) solicitation sales calls to Plaintiff without having a valid telephone solicitation as required under Tex. Bus. Com. Code 302.101.

75. As a result of Defendant's and/or their affiliates or agents' violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek damages of up to $5,000 for each violation. Tex. Bus. and Com. Code 302.302(a).

76. As a result of Defendant's and/or their affiliates or agents' violations of Tex. Bus. and Com. Code 302.101 Plaintiff may seek all reasonable costs of prosecuting this action, including court costs, deposition costs, and witness fees. Tex. Bus. and Com. Code 302.302(d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violates the TCPA and Texas state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $1,500 per call in statutory damages arising from the TCPA §227(c) intentional violations jointly and severally against the corporation for fourteen (14) calls;

E. An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053 intentional violations jointly and severally against the corporation for fourteen (14) calls.

F. An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101 intentional violations jointly and severally against the corporation for fourteen (14) calls.

G. An award to Mr. Callier of damages, as allowed by law under the TCPA and Texas Law.

H. An award to Mr. Callier of interests, costs, and attorneys' fees, as allowed by law and equity;

I. Such further relief as the Court deems necessary, just and proper.

Jury Trial Demanded

July 14, 2023,                                          Respectfully submitted,

                                                        *[signature]*
                                                        Brandon Callier
                                                        Plaintiff, Pro Se
                                                        6336 Franklin Trail
                                                        El Paso, TX 79912
                                                        915-383-4604
                                                        Callier74@gmail.com